## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRIS JANCICH,

    *Plaintiff*,

vs.

    Case No. 11-2602-EFM-KMH

STONEGATE MORTGAGE
CORPORATION,

    *Defendant*.

## MEMORANDUM AND ORDER

Plaintiff Chris Jancich, on behalf of himself and others similarly situated, brings this case against Defendant Stonegate Mortgage Corporation for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Before the Court is Plaintiff's Motion for Conditional Certification of the Class Claims under section 216(b) of the FLSA (Doc. 3). Although Defendant does not oppose conditional certification of a regional class, Defendant opposes conditional certification of a national class asserting that Plaintiff lacks personal knowledge of the job duties or pay of loan officers in other states. Plaintiff, however, provides sufficient information to meet the lenient burden that he is similarly situated to other loan officers employed by Stonegate. As such, the Court grants Plaintiff's motion for conditional certification for the reasons stated below.

## I. Background

Plaintiff Chris Jancich ("Jancich") filed a Complaint on November 3, 2011 alleging that the pay policies and practices of his former employer, Defendant Stonegate Mortgage Corporation ("Stonegate"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Stonegate is an Indiana corporation that operates nine offices across the United States and provides mortgage loans to residential and commercial customers. From approximately March to May 2009, Jancich worked as a loan officer in Stonegate's office in Lenexa, Kansas. All of Stonegate's loan officers allegedly had similar job duties and expectations, including following Stonegate's standardized procedures regarding the loan procurement process.

Jancich alleges the following facts: (1) Stonegate had an established, standard policy of paying its loan officers on a "pure commission" basis without regard to either minimum wages during a workweek or overtime premiums for work in excess of 40 hours during the week; (2) all of Stonegate's loan officers were covered by the "pure commission" compensation policy; (3) under the "pure commission" compensation policy, if a loan officer was not due a commission during the pay period, the loan officer would receive no compensation at all from Stonegate; and (4) Stonegate's calculation of commissions paid to loan officers did not include any premium for a loan officer who worked more than 40 hours a week.

In conjunction with his motion for conditional class certification, Jancich asks the Court to: (1) order Stonegate to provide the names, addresses, and telephone numbers of putative class members in an easily malleable format, such as Microsoft Excel; (2) designate Jancich as class representative and his counsel as class counsel; and (3) approve Jancich's proposed notice of claim and right to opt in.

## II. Legal Standard

The FLSA permits legal action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[1] Unlike class actions pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a collective action brought under the FLSA includes only those similarly-situated individuals who opt into the class.[2] But the FLSA does not define what it means to be "similarly situated." Instead, the Tenth Circuit has approved an *ad hoc*, two-step approach to section 216(b) certification claims.[3] The *ad hoc* approach employs a two-step analysis for determining whether putative opt-in plaintiffs are similarly situated to the named plaintiff.[4]

First, in the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members."[5] The notice stage "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[6] The standard for conditional certification at the notice stage is lenient and typically results in certification for the purpose of notifying potential plaintiffs.[7]

---

[1] 29 U.S.C. § 216(b).

[2] *See id.* (stating that employees must give written consent to become party plaintiffs).

[3] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Although *Thiessen* involved a collective action brought under the Age Discrimination in Employment Act ("ADEA"), the Tenth Circuit explicitly noted that the ADEA adopts the class action opt-in mechanism set out in section 216(b) of the FLSA. *Id.* at 1102.

[4] *Id.* at 1102–03.

[5] *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

[6] *Thiessen*, 267 F.3d at 1102 (citations omitted) (internal quotation marks omitted).

[7] *See, e.g.*, *id.* at 1103.

The second step of the *ad hoc* approach occurs after discovery.[8] At this stage, the district court applies a stricter standard and reviews the following factors to determine whether the opt-in plaintiffs are similarly situated: (1) the disparate factual and employment conditions of the individual plaintiffs, (2) defenses available to the defendant that are individual to each plaintiff, and (3) other fairness and procedural conditions.[9]

### III.    Analysis

*A.    Conditional Certification Under FLSA § 216(b)*

The parties agree that this case is in the notice stage for collective action certification under section 216(b) as little discovery has occurred. Stonegate does not dispute conditional certification of a class of loan officers who worked at the same location as Jancich in Overland Park, Kansas. But Stonegate argues that a national class is not warranted because Jancich provides no evidence, and has no personal knowledge, regarding the duties or pay of the loan officers working in other states. Jancich, however, alleges in his complaint that all loan officers employed by Stonegate throughout the nation had the same job duties and the same job compensation structure as Plaintiff. In addition, Jancich submits two affidavits, and several documents, with his motion for conditional class certification. These documents appear to demonstrate that Stonegate's loan officers all performed the same job duties and were compensated the same without regard to location. The documents provide a description of the loan officer's duties and the commission policy effective February 15, 2009.

---

[8] *Id.* at 1102–03.  This second stage in the certification analysis is most often prompted by a motion for decertification. *Id.*

[9] *Id.* at 1103 (citations omitted).  The court in *Thiessen* discussed a fourth factor irrelevant to claims brought under the FLSA.

The Tenth Circuit has not required any quantum of evidence to be produced at the notice stage.[10]  Instead, this district has often stated, "Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan."[11]  In this case, Jancich alleges that (1) all the putative members of the class were employed as loan officers; (2) these loan officers performed substantially similar job duties and responsibilities; and (3) these loan officers were paid on a pure commission basis without regard to the hours actually worked. These allegations are sufficient to satisfy the notice stage standard for class certification.

### B.     *Proposed Notice of Claims and Consent to Join*

#### 1.     *Content of Proposed Notice of Claims and Consent to Join*

Jancich submitted a proposed Notice of Claims and Consent to Join for the Court's review.[12] District courts have discretion to monitor the preparation and distribution of collective action notices.[13]  When exercising this discretion, courts must ensure fair and accurate notice and should refrain from altering the proposed notice absent strict necessity.[14]  Here, Stonegate makes ten specific objections to Jancich's proposed notice and consent.[15] Jancich agrees with most of

---

[10] *See Gieske v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (declining to announce a quantum of evidence standard, but noting that "the Tenth Circuit's language in *Thiessen* seems to indicate that only substantial allegations are required").

[11] *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 433–34 (D. Kan. 2007).

[12] Doc. 4-7.

[13] *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989); *see also Lewis v. ASAP Land Exp., Inc.*, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008).

[14] *Sloan v. Renzenberger, Inc.*, 2011 WL 1457368, at *4 (D. Kan. Apr. 15, 2011) (citations omitted).

[15] Doc. 12.

Stonegate's suggested changes, but occasionally suggests slightly different language and provides the Court a revised Class Notice with its reply.[16] Stonegate's objections and the Court's ruling on the proposed changes are as follows:

Objection No. 1: The Court **sustains** Stonegate's objection. Jancich agrees to delete the contested language in the fourth bullet point on Page 1 of the Notice. This is reflected in the revised Class Notice.

Objection No. 2: The Court **sustains** Stonegate's objection. Jancich agrees to change the name of the presiding judge to the undersigned judge. This is reflected in the revised Class Notice.

Objection No. 3: The Court **sustains** Stonegate's objection. Jancich agrees to include the statement that "There is no guarantee that money or benefits will be obtained." This is reflected in the revised Class Notice.

Objection No. 4: The Court **sustains** Stonegate's objection. Jancich agrees to include language stating that the opt-in period is 60 days. This is reflected in the revised Class Notice.

Objection No. 5: The Court **sustains** Stonegate's objection. Jancich agrees to omit the phrase "may be jeopardizing your right to sue" in Section 6. This is reflected in the revised Class Notice.

Objection No. 6: The Court **sustains** Stonegate's objection. Jancich agrees to amend Section 8 to provide: "Stonegate has promised not to take any action in retaliation solely because you join this lawsuit." This is reflected in the revised Class Notice.

---

[16] Doc. 17-1. The revised Class Notice also properly identified Chris Jancich as the class representative, identified the appropriate case number, and the appropriate presiding judge.

Objection No. 7:  The Court **sustains** Stonegate's objection that the notice should warn putative class members that they may be required to pay costs if Jancich does not prevail. The Court adopts Jancich's proposed change, "If the claims of class members are found to be without merit, court costs and other expenses of Stonegate may be assessed against the class, with such assessment equitably among class members," because it adequately states putative class members' potential obligations. This is reflected in the revised Class Notice.

Objection No. 8:  The Court **sustains** Stonegate's objection that the notice should include information about the putative class members' potential obligation in the suit and that they may have to travel to Kansas.  This trial will be held in Kansas City, Kansas.  Given that Stonegate employs loan officers in offices across the country, it is reasonable and necessary to include language informing putative plaintiffs that they may be required to travel to Kansas for depositions and trial.[17] Jancich's proposed language, "You may also be asked to answer questions during a deposition from a lawyer representing Stonegate prior to trial for part or all of a day. You may need to travel to Kansas for this deposition. Should there be a trial, some of the plaintiffs, including you, may testify," appropriately informs putative class members of the potential travel to Kansas. This is reflected in the revised Class Notice.

Objection No. 9:  The Court **sustains** Stonegate's objection. Jancich agrees to add defense counsel's contact information. This is reflected in the revised Class Notice.

Objection No. 10: The Court **overrules** Stonegate's objection that Jancich has no need for telephone numbers of potential class members at this point and that this information should be

---

[17] *See Wass v. NPC Int'l, Inc.*, 2011 WL 1118774, at *10 (D. Kan. Mar. 28, 2011) (citing *Creten-Miller v. Westlake Hardware, Inc.*, 2009 WL 2058734, at *5 (D. Kan. July 15, 2009)).

delayed until Jancich determines that he cannot contact potential opt-in class members via mail. Telephone numbers may assist in locating individuals whose addresses are no longer valid or assist in determining whether the address is valid.[18] As such, the Court orders Stonegate to produce the names, addresses, and telephone numbers of the putative plaintiffs. Jancich is permitted to use these phone numbers only for the purpose of verifying the mailing addresses of putative plaintiffs.[19]

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion for Conditional Certification of Class Claims Under section 216(b) of the FLSA (Doc. 3) is hereby **GRANTED**, and a plaintiff opt-in class is certified as set forth herein. Plaintiffs are authorized to send out a notice, as set forth herein, to each potential member of the class. Defendant is ordered to provide Plaintiff with the names, addresses, and telephone numbers of putative class members in an easily malleable format, such as Microsoft Excel. Chris Jancich is designated class representative and his counsel, Brady & Associates, is designated class counsel.

**IT IS SO ORDERED**.

Dated this 6th day of February, 2012.

*/s/ Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[18] *See, e.g., Wass*, 2011 WL 1118774, at *12; *Geer v. Challenge Fin. Inv. Corp.*, 2005 WL 2648054, at *5 (D. Kan. Oct. 17, 2005).

[19] *See Barnwell v. Corr. Corp. of Am.*, 2008 WL 5157476, at *6 (D. Kan. Dec. 9, 2008) (permitting a third-party administrator to use potential class members' phone numbers to verify mailing addresses).